UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD LIEBERMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:18 CV 5713 |
| ) | Hon. Marvin E. Aspen |
| GREGG SCOTT, Program Director, ) | |
| Rushville Treatment and Detention ) | |
| Facility, Illinois Department of Human ) | |
| Services, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINON AND ORDER**

MARVIN E. ASPEN, District Judge:

On June 12, 2019, we denied Petitioner Brad Lieberman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). (Order (Dkt. No. 26).) Before us is Petitioner's Rule 59(e) motion to reconsider (Mot. (Dkt. No. 28)) and motion for leave to supplement (Dkt. No. 32.) Although we grant Petitioner's motion for leave to supplement, for the following reasons, we deny his motion to reconsider.

**BACKGROUND**

We assume familiarity with the background of Petitioner's case outlined in our June 12 Order and do not recount it here in full. In brief, Petitioner is currently civilly committed under the Illinois Sexually Violent Persons Commitment Act (the "Act"), 725 ILCS 207/1 *et seq.* (Order at 2.) In 2006, a jury was presented with evidence that Petitioner suffered from a mental disorder called paraphilia, not otherwise specified, sexually attracted to nonconsenting persons ("PNOS"). (Order at 2.) Based on this evidence, the jury found beyond a reasonable doubt that

Petitioner met the definition of a sexually violent person under the Act. (*Id.*) Petitioner has remained in custody of the Illinois Department of Human Services ("Department"), and the Department has submitted annual written reports on his condition as required by the Act. (*Id.*) Petitioner's 2013 reexamination report changed his diagnosis from PNOS to sexual sadism, a specific paraphilia diagnosis, after concluding that his condition more properly fit the definition of sexual sadism in the newly released fifth edition of the Diagnostic and Statistical Manual of Mental Disorders ("DSM-5"). (*Id.* at 2–3.)

Petitioner's habeas petition argued that the change in his diagnosis from PNOS to sexual sadism, without a jury finding as to the change, rendered his civil commitment unconstitutional. (*Id.* at 7.) Petitioner also asserted that the Illinois Appellate Court that upheld his commitment unreasonably determined that Petitioner's 2013 diagnosis was consistent with the jury's 2006 verdict. (*Id.* at 15.) We denied Petitioner's habeas application and declined to issue a certificate of appealability. (*Id.* at 22–23.) Petitioner's motion to reconsider followed.

## LEGAL STANDARD

Under Rule 59(e), district courts may entertain motions "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) will only be granted to correct manifest errors of law or fact. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment." *Scott v. Bender*, 94 F. Supp. 2d 859, 865 (N.D. Ill. 2013) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). "Motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). A Rule 59(e)

motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Tr.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted).

## ANALYSIS

Petitioner's motion asks us to reconsider whether the jury in his 2006 commitment trial found that he suffered from the specific mental disorder of PNOS as opposed to a mental disorder generally. (Mot. at 2.) Petitioner argued in his habeas application that the jury only considered evidence that Petitioner had PNOS and antisocial personality disorder, not sexual sadism, and therefore "[t]he Appellate Court's determination that the jury verdict supports Mr. Lieberman's ongoing commitment—based on a new diagnosis of Sexual Sadism, when the jury never heard any evidence he suffered from that disorder—[wa]s unreasonable." (Mem. in Supp. of Pet. for Writ of Habeas Corpus ("Mem.") (Dkt. No. 3) at 19.) The Illinois Appellate Court concluded that the 2006 jury verdict was not inconsistent with his 2013 diagnosis because the jury was "not asked specifically whether [Petitioner] suffered from PNOS or any other particular mental disorder." *In re Det. of Lieberman*, 2017 IL App (1st) 160962, ¶ 35, 80 N.E.3d 649, 658, *appeal denied*, 89 N.E.3d 755 (Ill. 2017). Instead, the jury simply found that Petitioner had "*a* mental disorder." *Id.* (emphasis added).

Upon review, we concluded that because Petitioner had not submitted evidence of what the jury found or was asked to find in the 2006 trial, Petitioner had not met his burden to rebut this Illinois Appellate Court finding by clear and convincing evidence. (Order at 16.) As we stated then: "The only excerpts of the 2006 trial that Petitioner attached to his petition indicate that the jury heard evidence that Petitioner had PNOS and antisocial personality disorder. (Pet'r's

3

Ex. 14 (Dkt. No. 3–2) at PageID #:348–49, 355–58.) None of the attached transcripts show what the jury was asked to find or what the jury stated in rendering a verdict."

Petitioner argues that the jury did, in fact, find that he suffered specifically from PNOS. (Mot. at 2.) He submits as evidence prior opinions from Illinois state and federal courts that recount the 2006 verdict as such. (*Id.* at 3–6, 17–24.) In addition, Petitioner submits several filings from the Illinois Attorney General that state that the 2006 jury found Petitioner suffers from PNOS. (*Id.* at 6–8, 26–32.)

Petitioner's new evidence is not the kind we may properly consider under Rule 59(e). Petitioner goes to great lengths to demonstrate that the testimony at his trial was directed at a PNOS diagnosis. We do not dispute that evidence supporting a PNOS diagnosis formed the basis of Petitioner's initial commitment in his 2006 trial. (*See* Order at 2.) What we did not have before us was evidence of the jury's specific findings in rendering a verdict. Petitioner now submits argument and evidence that the jury specifically found Petitioner to suffer from PNOS. A Rule 59(e) motion is "not appropriately used . . . to present evidence that was available earlier." *LB Credit Corp.*, 49 F.3d at 1267. "Instead, a Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Id.* (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Since all of Petitioner's evidence were available but not presented to this Court as part of our original determination, a Rule 59(e) motion is procedurally inappropriate to reconsider Petitioner's new claims.

Petitioner has not identified a manifest error of law in contending that we and the Illinois court misconstrued his 2006 trial. Neither the Act nor the Constitution require the jury to have found him to suffer from a particular disorder. Under the Act, a petition to commit an individual must allege that "[t]he person has *a* mental disorder." 725 ILCS 207/15(b)(4) (emphasis added).

The Act defines "mental disorder" as "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b). At a commitment trial under the Act, the state has the burden to prove this allegation, along with all other requirements of the Act, beyond a reasonable doubt. 725 ILCS 207/35(d)(1). Thus, by its own terms, the Act does not require the finding of a specific diagnosis. It requires only that the jury find, beyond a reasonable doubt, that the individual has "a congenital or acquired condition affecting the emotional or volitional capacity" predisposing that person to commit sexually violent acts. 725 ILCS 207/5(b). Further, as we stated in our Order, there is no requirement under the Constitution that the jury find a specific diagnosis. (Order at 16 n.5.) The Supreme Court "has only required that proof of dangerousness be coupled with 'proof of some additional factor, such as a mental illness or mental abnormality.'" (*Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 359, 117 S. Ct. 2072, 2080 (1997)) (quotation marks omitted).)

Petitioner also has not identified a manifest error of fact. Even if the Illinois Appellate Court erred in describing Petitioner's 2006 jury verdict (and that this Court subsequently erred in affirming that court's reasoning), neither court ultimately rested its decision to deny relief on this basis. What was more important to the Illinois court, and to us, was the fact that Petitioner had produced no evidence that his condition had changed. As the Illinois court stated:

> [1Petitioner's] objection to the change in his diagnosis is not relevant to the ultimate question of whether he continues to be a sexually violent person [under the Act]. . . . [Petitioner] has not put forth anything that would tend to establish a plausible account that he no longer suffers from a mental disorder or that he is no longer substantially probable to engage in acts of sexual violence. It is [Petitioner's] burden, not the State's, to provide "a plausible account" that he "is no longer a sexually violent person" in postcommitment proceedings.

*Lieberman*, 2017 IL App (1st) 160962, ¶ 38, 80 N.E.3d at 659 (quoting *In re Det. of Stanbridge*, 2012 IL 112337, ¶ 67, 980 N.E.2d 598, 616 (Ill. 2012)).  Likewise, we stressed that "Petitioner submitted no evidence before the state courts—or this Court—suggesting that Petitioner no longer has a mental disorder predisposing him to acts of sexual violence." (Order at 19.)  Petitioner, in short, seeks relief on a technical distinction when the underlying facts presented to the jury remain nearly identical today, even if they fit a different descriptor in a newer version of the DSM.  Petitioner continues to satisfy both the Supreme Court's criteria for constitutional civil confinement: dangerousness and mental illness.

## CONCLUSION

For the foregoing reasons, we deny Petitioner's Rule 59(e) motion.  We also decline to issue a certificate of appealability.  It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 1, 2019
　　　　Chicago, Illinois