UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD LIEBERMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:18 CV 5713 |
| ) | Hon. Marvin E. Aspen |
| GREGG SCOTT, Program Director, ) | |
| Rushville Treatment and Detention ) | |
| Facility, Illinois Department of Human ) | |
| Services, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINON AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Petitioner Brad Lieberman's Rule 60(B)(3) Petition for Relief from Judgments (Dkt. No. 35.) We lack jurisdiction to consider this petition, since it is a successive habeas petition within the meaning of 28 U.S.C. § 2254(a) for which Petitioner has not received prior Circuit Court approval. Accordingly, we deny Petitioner's motion for relief and decline to issue a certificate of appealability of our denial.

## BACKGROUND

Petitioner Brad Lieberman, a convicted sex offender civilly confined at Rushville Treatment and Detention Center, seeks reconsideration of this Court's 2011 dismissal of his 28 U.S.C. § 2254 petition challenging his commitment. Petitioner states he has recently obtained new evidence that during his 2006 trial to determine if he was a sexually violent person under 725 ILCS 207/1 prosecutors allegedly used "materially altered documents . . . and perjurious testimony that misled the jury, the trial court, the Illinois Appellate and Supreme Courts, and ultimately the

United States District Court in habeas denials in case numbers 10-cv-2570, 13-cv-8599, 16-cv-6187, and 18-cv-5713." (Dkt. No. 35.)

The following brief background is provided to better understand Petitioner's current motion. In 1980, he was convicted of multiple counts of rape and attempted rape. In 2000, just before his sentence ended, the State of Illinois moved to civilly commit Petitioner as a sexually violent person under the Sexually Violent Persons Commitment Act. 725 ILCS 207/1 *et seq*. In 2006, following a trial, a jury found Petitioner was a sexually violent person under 725 ILCS 207/5, and the trial court ordered Petitioner civilly committed until further order of the Court. *In re Detention of Lieberman*, 379 Ill. App.3d 585, 597, 884 N.E.2d 160, 173 (1st 2007). The Illinois appellate court affirmed. *Id.* The Illinois Supreme Court denied his petition for leave to appeal and Petitioner has unsuccessfully challenged his commitment in both state and federal proceedings. *See In Re Detention of Lieberman*, 229 Ill.2d 623, 623, 897 N.E.2d 252, 252 (Ill. 2008) (table op.); *Lieberman v. Scott*, No. 16 C 6187, 2017 WL 5128993, at *1 (N.D. Ill. Nov. 6, 2017) (addressing Petitioner's challenges to his 2011 and 2012 re-examinations to determine if he has made sufficient progress to warrant conditional release or discharge under 725 ILCS 207/55(a)); *Lieberman v. Kirby*, No. 10 C 2570, 2011 WL 6131176, at *8 (N.D. Ill. Dec. 8, 2011) (laying out the grounds for the initial habeas petition and denying them, including Fourteenth Amendment due process claims).

## ANALYSIS

Petitioner's Rule 60(b) motion is a successive attack on his civil confinement judgment, which we do not have jurisdiction to entertain under the federal statute governing habeas relief from state court judgments, 28 U.S.C. § 2254. The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) sets the procedures for bringing § 2254 challenges. For a second or successive claim

for habeas corpus relief where the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i), a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Any claim attacking the validity of the initial state court proceeding after the first filed habeas petition is a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152–53, 127 S. Ct. 793, 796 (2007). In other words, we do not have jurisdiction over a second-in-time attack on Petitioner's state court judgment unless a panel of the Court of Appeals for the Seventh Circuit grants Petitioner a right to bring a new habeas petition. Petitioner did not receive preclearance from the Court of Appeals to file a second or successive petition. Therefore, we do not have jurisdiction over Petitioner's claim.

The fact that Petitioner clothes his request in the language of Federal Rule of Civil Procedure Rule 60(b) does not change the jurisdictional requirements for relief from confinement. "[A]n objection to the validity of the criminal conviction or sentence is [a habeas petition] no matter how it is couched or captioned." *U.S. v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). "A motion that seeks to add a new ground for relief . . . will of course qualify." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005). To allow Petitioner to obtain review based solely on the requirements of Rule 60(b) would be "inconsistent with federal statutory provisions," and would allow him to "use Rule 60(b) to circumvent statutory limitations on successive applications that are integral to federal habeas law." *Freeman v. Chandler*, 645 F.3d 863, 868 (7th Cir. 2011) (citing *Gonzales*, 545 U.S. at 532, 125 S. Ct. at 2648).

The Court notes that not every Rule 60(b) motion in a § 2254 case must be construed as new habeas petition. "A motion that . . . challenges only the District Court's failure to reach the merits does not warrant [treatment as a habeas petition], and can therefore be ruled upon by the

District Court." *Freeman*, 645 F.3d at 867 (quoting *Gonzales*, 545 U.S. at 538, 125 S. Ct. at 2649). But this is not the case when a Rule 60(b) motion "attacks the federal court's previous resolution of a claim on the merits, . . . which is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648. We reiterate that "an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned." *U.S. v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). The second of two petitions raising substantially different challenges to a conviction is still successive under § 2254(a), even if the second petition raises a novel issue. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 796 (2007). A motion is *not* successive or secondary where the court failed to reach the merits of an issue raised on his *initial* habeas petition. *See Burton*, 549 U.S. at 152, 127 S. Ct. at 796.

Petitioner's Rule 60(b) motion qualifies as a successive habeas petition because it collaterally attacks the validity of his civil confinement judgment. Petitioner argues he did not have access to the information on which he bases his attack, but this is legally irrelevant: the standard is whether the court failed to reach the merits of an issue raised on his initial habeas petition. *See Burton*, 549 U.S. at 152, 127 S. Ct. at 796. The fact that Petition rephrases his attack as a Rule 60(b) motion has no impact on this Court's ability to entertain the motion. *Scott*, 414 F.3d at 816. Any further petition requires Petitioner to first receive a certificate of appealability from the Circuit Court, which he has not done here. 28 U.S.C. § 2244(b)(2). Thus, Petitioner's Rule 60(b) motion is a successive collateral attack on his civil confinement judgment, which is barred as a successive habeas petition under 28 U.S.C. § 2254.

Since we do not have jurisdiction to consider Petitioner's request for relief, we do not pass upon the merits of his prosecutorial misconduct claim. Nothing in this opinion suggests this claim is meritorious.

**CONCLUSION**

Accordingly, Petitioner's Rule 60(b) motion, as well as his motion for counsel and any other pending motion, is denied. To obtain judicial review of evidence Petitioner claims is newly discovered, he must seek and obtain permission from the Seventh Circuit to bring a second or successive § 2254 petition. If he seeks to appeal this order's denial of his Rule 60(b) motion as impermissibly seeking successive § 2254 relief, he must file a notice of appeal in this Court within 30 days of entry of this order. To the extent a certificate of appealability is required for such an appeal this Court refuses to issue a certificate.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 20, 2019
 Chicago, Illinois